EASTERN DIST.
February, 1835.

TRUDEAU
vs.
MATHER.

er who becomes insolvent: *Held*, that the bill 'of sale is valid, although defeasible on payment of the money; and that the sale by the syndic changed the remedy, without affecting the vendee's right, who is still entitled to the proceeds.

## TRUDEAU vs. MATHER.

APPEAL FROM THE COURT OF THE SECOND JUDICIAL DISTRICT, THE JUDGE THEREOF PRESIDING.

In an action of mortgage based on an account and debt, which is shown to be grossly erroneous in its calculations and amount, the debt will be set aside for adjustment, and the contract of mortgage annulled and cancelled as being made in error.

This is an action of mortgage, to compel the payment of three thousand two hundred dollars, due as the first instalment of a debt of nineteen thousand four hundred and fifty dollars, acknowledged by the defendant.

The plaintiff alleges, that the above sum is the amount found due on a settlement between him and the defendant, as his curator *ad bona*, payable by instalments of three thousand two hundred dollars each, and secured by a special mortgage

on a valuable tract of land in West Baton Rouge. The first instalment having become due and remaining unpaid, he prays judgment for the amount, and that the mortgaged premises be seized and sold to satisfy the same.

The defendant denies that he is indebted in the manner and form, or to the amount as alleged, and avers the contract or settlement of account between them, was made through error of law and fact, and should be annulled; and the mortgage being merely accessory to the debt, is null and void, and ought to be cancelled. He further states, that his account as curator *ad bona*, was agreed to be referred to a person versed in such matters, and stated according to law; that in stating it, he is illegally charged with interest upon interest, at ten per cent. per annum, which charges are about eleven thousand six hundred and forty-five dollars more than is really due: and that he signed said account through error, supposing it to be correct at the time; he therefore prays that the act of settlement or the contract, and mortgage sued on, be declared null and void.

The act of settlement, as well as that of the mortgage, were introduced in evidence, and the testimony of the notary who drew up the acts and stated the account, was taken down. From this testimony, and the bare inspection of the account, the district judge who tried the case, detected the illegal items and charges, substantially as alleged.

Judgment was rendered, declaring the account as stated, and the mortgage executed by the defendant, null and void; reserving to the plaintiff his legal rights against the defendant, as his curator *ad bona*, on a legal and just settlement of their accounts. The plaintiff appealed.

*Nicholls*, for the plaintiff, contended that the error alleged was not proved, as appeared by the testimony of the notary who drew up the act of settlement. But if error had been proved, it should have been corrected by the court, and judgment given for the sum actually due.

2. The manner of calculating interest was not illegal; it was calculated by the appellee himself, who agreed to pay at that rate.

3. The account stated and drawn up by the notary, must be considered in law, as made by the defendant, whose agent he was. *Qui facit per alium, facit per se.*

4. He who seeks justice, says the judge *a quo*, must himself be just. The court applied this maxim, exclusively for the benefit of the defendant, in correcting the errors to his disadvantage, if any existed, and refuses to allow the plaintiff that which is acknowledged to be due. In this respect also the judgment is erroneous.

5. The rendition of the account being followed by a solemn notarial act, is binding on the defendant, to pay the interest stipulated therein.

6. The District Court erred in vacating the act of mortgage, given as security for this claim, as the plaintiff relinquished a better security, which should not be affected by an error of calculation in the account.

7. The notarial act of settlement was in the nature of a compromise, by which the plaintiff relinquished one thousand dollars, as admitted since by the defendant.

*Conrad,* for the defendant, showed there was gross error in the settlement of accounts, which requires the defendant to pay more than twice as much as was actually due. It cannot be presumed he intended to benefit the plaintiff that amount. *Nemo presumitur donare.*

2. The defendant must have supposed he was bound to pay compound interest, at the rate of ten per cent. per annum, or he would not have signed; in that case it is an error of law, bearing on an essential part of the agreement, and is null. *La. Code,* 1840.

3. It was an error of calculation or ignorance of the fact, that compound interest was charged. Error in this respect vitiates the contract. *La. Code,* 1815.

4. This is a case clearly of exorbitant usury. Not only is a higher rate of interest charged than the curator was bound to pay, but interest on that interest is charged, all of which is prohibited. *Civil Code, p.* 70, *art.* 71. *La. Code, art.* 1934.

*J. Seghers,* on the same side, contended, that the contract was manifestly erroneous, and null and void.    Tutors were not bound under the old Code, which must govern in this case, to pay compound interest.    Under the *La. Code,* tutors are only bound to pay an interest of five per cent. on the revenues, when they exceed five hundred dollars, after deducting ten per cent. for commissions.    *La. Code,* 341–2. 1 *Moreau's Digest,* 225.    5 *La. Reports,* 489, 490.

- 2. The agreement entered into between the parties, took place under the La. Code, which prohibits interest on interest to be taken, and no stipulation to that effect is valid.    *La. Code,* 1934.

3. The defendant was laboring under an error of fact and of law, from which he should be relieved.    *La. Code, art.* 1815–16, 1840, 2129.

4. Error in law vitiates a contract, when such error is its only or principal cause.    *La. Code,* 1840.    5 *Toullier, l'Erreur de Droit, No.* 58 *et suivans.*

*Mathews, J.,* delivered the opinion of the court.

This suit is based on a contract of mortgage, wherein the defendant acknowledges to owe to the plaintiff, the sum of nineteen thousand four hundred and fifty dollars eighty-five cents, which he promised to pay by annual instalments of three thousand two hundred and fifty dollars, seventeen cents. The debt purports to have arisen in consequence of the acts of the defendant, as curator *ad bona* of the plaintiff, and was stated to the amount stipulated in the act of mortgage, as a result of calculations of interest on certain sums of money which came into the hands of the curator.    These calculations originated in a settlement of accounts between him and his ward, after the latter arrived at the age of majority, and were made by a person to whom the accounts had been submitted for adjustment, by the curator.    The court below considering the calculations made by the referee, as grossly erroneous, and prejudicial to the defendant to a very large amount, rendered judgment in his favor, by which the account as adjusted, was set aside, and the contract of mortgage,

EASTERN DIST.
February, 1835.

TRUDEAU
*vs.*
MATHER.

In an action of mortgage based on an account and debt, which is shown to be grossly erroneous in its calculations and amount, the debt will be set aside for adjustment, and the contract of mortgage annulled as being made in error.

*a sequence* of it, was annulled; and from this the plaintiff appealed.

The calculations of the referee are shown by the evidence of the case, to be illegal and erroneous, both in relation to the rate of interest assumed, and the manner in which it was compounded *for a number of years, producing* a result egregiously wrong, and prejudicial to the defendant, probably to more than one half of the sum stated against him.

The error complained of in this transaction, is so evident and so gross, as in our opinion, clearly to authorise the judgment of the court below. That court might perhaps, after setting aside the account rendered, and annulling the act of mortgage, have proceeded to adjust the accounts of the curator, and rendered judgment for the sum which should appear to be justly due to the plaintiff. But the pleadings of the case do not require a proceeding of this kind, consequently, not having taken this step, is no ground of error in the judgment as pronounced.

The parties may hereafter adjust their differences amicably, or if this cannot be effected, the courts of justice remain open to the plaintiff, in which he may prosecute his claim.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.